**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LI ZHU NAN, | No. 08-73233 |
| Petitioner, | Agency No. A098-889-381 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Li Zhu Nan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo claims of due process violations in removal proceedings. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Li contends he was persecuted on account of his religious beliefs and persecuted under China's population-control policies. With regard to his religion claim, the IJ reasonably concluded Li was not credible based on his weak testimony about the injuries he sustained during his claimed detention and about his church attendance in the U.S. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances). In addition, substantial evidence supports the agency's adverse credibility finding regarding Li's population-control claim because his initial declaration provided no facts about a forced abortion. *See Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004) (adverse credibility finding supported where petitioner did not raise claim that his wife was forcibly sterilized in his asylum applications). Finally, the agency properly concluded Li failed to provide a reasonable explanation for not amending his declaration prior to his initial merits hearing because he was represented by

counsel, and the record does not compel acceptance of his explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (petitioner's explanation for omitting incidents was plausible, but record did not compel belief "in light of the importance of the omitted incidents to his asylum claim"). Accordingly, in the absence of credible testimony, we deny the petition as to Li's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The record does not compel reversal of the agency's denial of CAT protection because Li's CAT claim is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel a finding it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57. Accordingly, Li's CAT claim fails.

Further, in light of our conclusions, we reject Li's due process contentions regarding the claimed mistranslation in his declaration and speculation by the IJ. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge to immigration proceedings). We also reject his contention that the IJ's conduct denied him a meaningful opportunity to establish his claim. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007).

Finally, we deny both Li's request for oral argument and his request for attorney's fees under the Equal Access to Justice Act.

**PETITION FOR REVIEW DENIED.**